UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CAMDEN NATIONAL BANK,  )
                       )
        Plaintiff      )
                       )
v.                     )   No. 2:13-cv-376-DBH
                       )
JOHN L. REID, III,     )
                       )
        Defendant      )

## MEMORANDUM DECISION ON MOTION FOR ALTERNATIVE SERVICE

The plaintiff, Camden National Bank, seeks to recover on a $224,527.96 deficiency judgment, alleging that the defendant, a resident of Pennsylvania, fraudulently misrepresented himself as his brother to secure a loan. The bank has sought an extension of the service of process deadline, which I have previously granted to May 2, 2014. ECF No. 8. It also asks permission to use an alternative means of service. Motion for Alternative Service (ECF No. 6). For the reasons that follow, I conclude that I cannot grant leave to use the notification procedure proposed by the plaintiff.

### I. Facts

The bank's attorney sought to serve process in this action on the defendant at an address in Newtown Square, Pennsylvania, that had been provided to him by reliable sources "who know[] [the defendant]." Affidavit of Lee H. Bals ("Bals Aff.") (ECF No. 7) ¶ 2. The local sheriff was unable to serve Reid at that address, reporting that the premises were vacant. *Id*. ¶ 3 & Exh. A. The attorney has been unable to locate the defendant through internet searches, discussions with acquaintances of the defendant, and "other methods," not otherwise specified.

1

*Id.* ¶ 3. He has been advised by "an individual familiar with" the defendant that the defendant continues to reside in the Newtown Square, Pennsylvania, area. *Id.* ¶ 4.

## II. Discussion

### A. The Rules

The applicable federal rule of civil procedure provides, in relevant part:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

Fed. R. Civ. P. 4(e). It is apparent that the plaintiff's motion is brought under this subsection of Rule 4.

The corresponding Maine rule of civil procedure provides, in relevant part:

> (1) *When Service May be Made.* The court, on motion upon a showing that service cannot with due diligence be made by another prescribed method, shall order service . . . to be made . . . (ii) by publication unless a statute provides another method of notice . . . .
>
> (2) *Contents of Order.* . . . [The order] shall also direct its publication once a week for 3 successive weeks in a designated newspaper of general circulation in the county or municipality and state most reasonably calculated to provide actual notice of the pendency of the action to the party to be served; and the order shall also direct the mailing to the defendant, if the defendant's address is known, of a copy of the order as published.

M.R.Civ.P. 4(g).

### B. The Merits

By seeking leave to publish notice in the *Delaware County Daily Times*, the plaintiff has avoided a problem that snared the plaintiff in *Gaeth v. Deacon*, 2009 ME 9, ¶ 31, 964 A.2d 621, 630, where motions for leave to serve by publication were denied when the proposed publication was unlikely to reach the defendant. The question that remains, however, is whether the plaintiff

has shown that it has "exhausted all other means more likely to achieve notice, so that service by publication is only left as 'a last resort.'" *MATSCO v. Brighton Family Dental, P.C.*, 597 F.Supp.2d 158, 162 (D. Me. 2009) ("*MATSCO I*").

Counsel's representation that he has "attempted through internet searches, discussions with acquaintances of [the defendant] and other methods to locate [the defendant,]" Bals Aff. ¶ 4, is insufficient. *See MATSCO I* at 162-63 and *MATSCO v. Brighton Family Dental, P.C.*, Civil No. 08-433-P-S, 2009 WL 884729, at *1 (D. Me. Mar. 30, 2009) ("*MATSCO II*"). Counsel's affidavit does not present the necessary assurance that "all other available methods of service have been exhausted through the application of diligent search efforts." *MATSCO I* at 163.

Other than "internet searches" and "discussions with acquaintances," the plaintiff has identified no other steps taken to locate the defendant. While there are no "ironclad prerequisites in an immutable list of steps to be undertaken," *id*. at 162, the plaintiff has not shown that even simple steps have been taken to locate the defendant, such as contacting the defendant's former landlord, the defendant's brother or his brother's guardian, or engaging a private investigator, nor has the bank specified for the court what "internet searches" it undertook or what "acquaintances" it contacted and when.

On the showing made, the Motion for Alternative Service is **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 28th day of March, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge