UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| CAMDEN NATIONAL BANK, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | No. 2:13-cv-376-DBH |
| JOHN REID, III, | ) | |
| Defendant | ) | |

## MEMORANDUM DECISION ON RENEWED MOTION FOR ALTERNATIVE SERVICE

The plaintiff, Camden National Bank, has brought this action against John Reid, III, seeking to recover on a $224,527.96 deficiency judgment, alleging that the defendant, a resident of Pennsylvania, fraudulently misrepresented himself as his brother to secure a loan. I have granted the bank's motion for an extension of the deadline for service of process to July 30, 2014. ECF No. 13. The plaintiff seeks permission to use an alternative means of service and to further enlarge the deadline to October 1, 2014. Motion for Alternative Service and to Enlarge Deadline to File Proof of Alternative Service ("Motion") (ECF No. 14). For the reasons that follow, the motion is granted.

### I.     Facts

This is the bank's second motion for alternative service. The first followed an attempt to serve process on the defendant at an address in Newtown Square, Pennsylvania. *See* Memorandum Decision on Motion for Alternative Service (ECF No. 9) at 1. It had been unable to locate the defendant through inadequately described means. *Id*. at 1-2. Because the showing made in

1

connection with the first motion was insufficient under the federal and Maine rules of civil procedure, I denied the motion. *Id*. at 3.

The current motion details more extensive efforts to locate the defendant, including hiring a private investigator, who made several specific attempts to locate the defendant in Pennsylvania, and contact with a Pennsylvania neighbor and a member of the defendant's family who wished to remain anonymous. Supplemental Affidavit of Lee H. Bals in Support of Motion for Alternative Service and to Enlarge Deadline to File Proof of Alternative Service (ECF No. 14-2).

## I. The Rules

The applicable federal rule of civil procedure provides, in relevant part:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

Fed. R. Civ. P. 4(e). It is apparent that the plaintiff's motion is brought under this subsection of Rule 4.

The corresponding Maine rule of civil procedure provides, in relevant part:

> (1) *When Service May be Made*. The court, on motion upon a showing that service cannot with due diligence be made by another prescribed method, shall order service . . . to be made . . . (ii) by publication unless a statute provides another method of notice . . . .
>
> (2) *Contents of Order* . . . . [The order] shall also direct its publication once a week for 3 successive weeks in a designated newspaper of general circulation in the county or municipality and state most reasonably calculated to provide actual notice of the pendency of the action to the party to be served; and the order shall also direct the mailing to the defendant, if the defendant's address is known, of a copy of the order as published.

M.R.Civ.P. 4(g).

## II. The Merits

The plaintiff, which seeks to publish notice in the *Philadelphia Inquirer*, a newspaper widely circulated in the area of Newtown Square and Devon, Pennsylvania, Motion at 5, has now shown that it has "exhausted all other means more likely to achieve notice, so that service by publication is only left as 'a last resort.'" *MATSCO v. Brighton Family Dental, P.C.*, 597 F.Supp.2d 158, 162 (D. Me. 2009). While "service by publication has become less likely to achieve actual notice of a lawsuit" and should be used only as "a last resort" when other means more likely to achieve notice have been exhausted, *Gaeth v. Deacon*, 2009 ME 9, ¶ 26, 964 A.2d 621, 628, the bank's attorney's supplemental affidavit demonstrates that "all other available methods of service have been exhausted through the application of diligent search efforts." *MATSCO*, 597 F.Supp.2d at 163.

The motion is **GRANTED**, subject to the following conditions: (1) the attached order shall be published in accordance with its terms, and (2) the plaintiff shall send electronic copies of the complaint, summons, and order as published to the email address noted in counsel's affidavit, with an electronic request for a delivery receipt, which receipt, if received, shall be filed with the court along with an affidavit showing that the email was sent and delivered. The deadline for filing proof of service is enlarged to October 1, 2014.

Dated this 31st day of July, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge